IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELLE WHEATON (#103964), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1729 |
| | § | |
| CONROE POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Michelle Wheaton (#103964), is an inmate in custody of the Montgomery County Jail in Conroe, Texas. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Wheaton proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

### I.  BACKGROUND

Wheaton sues the Conroe Police Department and Officer David Womack. Wheaton complains that he was beaten up by officers employed by the Conroe Police Department in 1997 in connection with a dispute about some outstanding traffic tickets. Wheaton complains further that, on November 28, 2004, he was arrested based on lies in the police report filed by Conroe Police Officer David Womack. Wheaton claims that he has been subjected to wrongful imprisonment and malicious prosecution since that time.

Wheaton seeks $100,000 in compensatory damages for mental anguish and emotional suffering. The Court concludes, however, that Wheaton's complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review

a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.   DISCUSSION

#### A.   Limitations

Wheaton's claim that excessive force was used against him in 1997 fails because it is untimely. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the above-referenced claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

The complaint shows that Wheaton was aware of the facts surrounding his claim of excessive force in 1997. Wheaton's current complaint is dated May 13, 2006, which is well outside the two-year limitations period for the allegations that form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject to

dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because Wheaton waited more than two years to file suit from the time these claims accrued, the above-referenced claims are subject to dismissal as frivolous.  *See Gartell*, 981 F.2d at 256.

### B. Lack of Capacity

Wheaton names the "Conroe Police Department" as his primary defendant.  A party to a lawsuit must have the capacity to sue or be sued.  *See* FED. R. CIV. P. 17; *see also Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993).  In Texas, for example, a county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)).  Likewise, the Conroe Police Department is merely a subdivision of the city or municipality of Conroe.  Wheaton does not allege facts showing that the Conroe Police Department, as a municipal subdivision, has been granted the legal capacity to sue or be sued.  Because it appears that the Conroe Police Department lacks the requisite legal capacity, the plaintiff's claims against this entity must be dismissed.  Alternatively, Wheaton's complaint fails for other reasons.

### C. False Imprisonment and Malicious Prosecution

4

Wheaton claims that he was arrested and imprisoned on false charges and subjected to malicious prosecution.[1] Texas law recognizes a claim for malicious prosecution where the following elements are shown: (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendants or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff. *See Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (citing *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994)). Wheaton fails to state a valid claim for malicious prosecution in this case because Wheaton, who remains in custody at the Montgomery County Jail on charges that are still pending against him, does not allege or show that the cause of action has terminated in his favor. Even if Wheaton's allegations satisfied the traditional elements of malicious prosecution, however, his civil rights complaint would still fail as a matter of law.

The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution," and that "'malicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc), *cert. denied*, 543 U.S. 808 (2004). To the extent that Wheaton's complaint is

---

[1] Wheaton does not seek his release from custody. Such a claim would be actionable, if at all, under the federal habeas statutes, which includes the prerequisite that a petitioner must first exhaust all state court remedies. *See* 28 U.S.C. § 2254(b). To the extent that Wheaton seeks monetary damages for wrongful confinement, those claims are barred at this time by *Heck v. Humphrey*, 512 U.S. 477 (1994).

governed by 42 U.S.C. § 1983, his underlying claim "must rest upon a denial of rights secured under federal and not state law." *Id.* at 942. Mere allegations of malicious prosecution do not implicate the Constitution or a violation of federal law, as the Fifth Circuit in *Castellano* explains:

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim . . . .
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection — Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights specifically locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54. Accordingly, to the extent that Wheaton complains that the defendants subjected him to arrest and prosecution for malicious purposes, this allegation fails to state a valid claim under 42 U.S.C. § 1983.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. Officials at the Montgomery County Jail are **ORDERED** to deduct funds from the inmate trust account of Michelle Wheaton (#103964) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

**The Clerk shall further provide a copy of this order to the Montgomery County Sheriff's Office, Finance Division, Attn: Finance Officer Connie Has, by regular mail and by fax: 936-760-5888.**

SIGNED at Houston, Texas, on **May 26, 2006.**

_____
Nancy F. Atlas
United States District Judge